68407. BURLEY v. THE STATE.
(321 SE2d 783)

SOGNIER, Judge.

Appellant was convicted of rape and appeals (1) on the general grounds. He also contends the trial court erred (2) by charging the jury on flight, and (3) by failing to give appellant's requests to charge on mere presence at the scene, and that simple battery is a lesser included offense of rape.

The evidence disclosed that appellant forcibly dragged the 15-year-old victim into her mother's bedroom, threw her on the bed, and had carnal knowledge of her forcibly and against her will. Within minutes of the offense the victim told her mother and some other witnesses she had been raped by appellant, and a hospital examination disclosed the presence of spermatozoa.

1. We find the evidence sufficient to support the verdict and to meet the standards of proof required by Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends it was error for the trial court to charge the jury that flight of a defendant is a circumstance which may be considered in determining the defendant's guilt or innocence. This contention is without merit.

When the police attempted to serve the arrest warrant on appellant he could not be found, so the warrant was turned over to the fugitive section. At approximately 1:00 a.m. the following morning the police went to an address in Decatur looking for appellant. A woman answered the door and said appellant was not there. Not believing the woman, the police searched the apartment and found appellant hiding in a closet under some clothing and a TV. Such evidence clearly raised the issue of appellant's flight to avoid arrest, and thus, it was not error to charge the law in relation to that issue. *Johnson v. State*, 244 Ga. 295, 296 (1) (260 SE2d 23) (1979); *Reeves v. State*, 241 Ga. 44, 48 (3) (243 SE2d 24) (1978).

3. a. Appellant contends error in denial of his request to charge that mere presence at the scene of the crime is not sufficient to support a conviction. See *Sweat v. State*, 119 Ga. App. 646 (1) (168 SE2d 654) (1969). Such a charge was not warranted by the evidence. Appellant was the sole person present with the victim, and was the perpe-

trator of the offense. When a requested charge deals with a matter not in issue, it is not error to deny the request. *Anderson v. State*, 163 Ga. App. 603, 604 (4) (295 SE2d 564) (1982).

b. Appellant also contends error in denial of his request to charge on simple battery as a lesser included offense of rape. Again, such a charge was not warranted by the evidence.

The victim testified that she was raped by appellant. He did not testify and presented no other evidence in his own behalf. Thus, the jury could conclude only that a rape had occurred, or that no offense occurred. Where the evidence shows either the completed offense as charged or no offense, such evidence will not support a verdict for one of the lesser grades of the offense, and the court should not charge on the lesser grades of the offense. *Hardy v. State*, 159 Ga. App. 854, 859 (285 SE2d 547) (1981). Thus, it was not error to deny appellant's requested charge on simple battery.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 6, 1984.

*William T. Hankins III*, for appellant.

*Robert E. Wilson, District Attorney, Michael M. Sheffield, R. Stephen Roberts, Assistant District Attorneys*, for appellee.