## 74255. BRIDGERS v. THE STATE.
### (357 SE2d 894)

BIRDSONG, Chief Judge.

Albert Bridgers was convicted of child molestation and sentenced to fifteen years with ten to serve followed by five years' probation. He brings this appeal enumerating two asserted errors. *Held*:

1. In his first enumeration of error, Bridgers complains that the trial court erred in allowing the victim (an 11-year-old female) to testify to remarks made by appellant's older daughter during a conversation with the victim after the acts of molestation charged which indicated that Bridgers had done similar acts in the past. During the victim's testimony, she testified that Bridgers, obviously intoxicated, climbed into bed with her and placed his hands upon her breasts and private parts. The victim was frightened and was allowed over objection as to hearsay to testify that the appellant's younger daughter heard some commotion and asked if the victim would like to come into bed with the younger daughter. The two girls went into the bathroom where the victim related what had occurred. The younger daughter did not at first believe the accusation until she saw her father in the bed just occupied by her friend (the victim). This conversation was allowed over the objection ostensibly to show fresh complaint and the actions of the victim. Bridgers raises no error in this appeal as to the admission of this testimony. The victim testified that after she and the younger daughter had called the appellant's wife

(and mother of the two daughters), the girls awoke the older sister and the conversation with the older daughter which is the object of this enumeration occurred. The record resounds with the silence caused by the absence of an objection to this testimony. At no time during the trial was an objection entered, nor was a motion to strike or a motion for mistrial made. Now for the first time on appeal counsel argues that the overruling of his objections to the hearsay nature of the conversation with the younger daughter removed any requirement for him to object to the subsequent conversation with the older daughter as it would have involved an act in futility. See *Cauley v. State*, 137 Ga. App. 814, 815 (224 SE2d 794).

We reject this reasoning. In this state it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which the appealing party might have. See *Sides v. State*, 213 Ga. 482, 487 (5) (99 SE2d 884); *McGiboney v. State*, 156 Ga. App. 222 (274 SE2d 667). The reason for this rule is clear. If the appellant has an objection, there is an obligation to call the matter to the court's attention so the trial judge will have an opportunity to remedy the situation. *Gober v. State*, 247 Ga. 652, 654-655 (278 SE2d 386). Moreover, it is manifest that the predicate for any objection to the first daughter's remarks is entirely different and thus not apropos to grounds of an objection to the second daughter's remarks. Even assuming error arguendo (error which we do not find present), the posture of the evidence renders it highly probable that the objectionable remark did not contribute to the finding of guilt. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869).

2. In his second enumeration, Bridgers complains the verdict form utilized by the trial court was prejudicially misleading because the court allowed the jury to consider only three verdicts, i.e., not guilty, guilty of child molestation, or simple battery as a lesser included offense of child molestation. Bridgers complains the form should have repeated the possibility of a finding of not guilty specifically as to simple battery. Bridgers never denied his guilt of the touching of the child except by his plea and admitted that he was so drunk at the time he did not know what he had done. Thus the charge of the court, under the evidence, authorized the jury to find that Bridgers did not have a criminal intent to do any unlawful act and thus to find him not guilty or that he did an intentional act but without an intent to arouse sexual desires or with intent to arouse sexual desires. The charge and the form of findings were designed to assist the jury in making appropriate conclusions and verdict, and did so. No jury of reasonable understanding could have been misled by the form utilized nor the options offered therein. There is no merit in this enumeration. See *Jackson v. State*, 237 Ga. 663, 664 (229 SE2d 345).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MAY 27, 1987.

*George H. Law III*, for appellant.

*C. Andrew Fuller, District Attorney, Lee Darragh, Chandelle Turner, Assistant District Attorneys*, for appellee.