## S90G0840. THE STATE v. ALVARADO.
(397 SE2d 550)

CLARKE, Chief Justice.

We granted certiorari to consider how the concepts of "actual" possession and "constructive" possession, and the requirement that both types of possession be "knowing," apply in a cocaine trafficking case.

At the time that the alleged offense occurred, OCGA § 16-13-31 required proof of "actual" possession to constitute trafficking, whereas either actual or constructive possession constituted the offense of possession of a controlled substance under OCGA § 16-13-30. The defendant asserted that he lacked knowledge of the presence of cocaine in the automobile which he was driving but also requested that the trial court charge the jury on unlawful possession of a controlled substance as a lesser included offense.

Defendant was stopped for a traffic violation. Officers discovered a large amount of cocaine in a false compartment in the door of his car. Defendant contended that he did not know that the cocaine was in the car. At his trial for cocaine trafficking the theory of the defense was that the cocaine had been placed in the compartment either by a person who had possession of the car for several days or some unknown person. At his trial the court refused to charge on the lesser included offense of possession of cocaine even though defendant made a written request for the charge. Defendant was convicted of trafficking in cocaine.

On appeal the state argued that the lesser included offense was not reasonably raised by the evidence and that defendant was either guilty of the greater offense or not guilty. The Court of Appeals reversed, finding that a jury issue was raised as to whether defendant exercised actual or constructive possession and that, therefore, the lesser offense of possession of cocaine was reasonably raised by the evidence. *Alvarado v. State*, 194 Ga. App. 781 (391 SE2d 668) (1990).

Appellee responds that the Court of Appeals correctly found that the trial court erred in not charging on the lesser included offense of possession of cocaine. At the time of the charge against him conviction of the offense of trafficking required proof of actual, as opposed to constructive, possession. The Court of Appeals distinguished *Santone v. State*, 187 Ga. App. 789 (371 SE2d 428) (1988) and *Hernandez v. State*, 182 Ga. App. 797 (357 SE2d 131) (1987), relied upon by the state, by concluding that in these cases the type of possession was not at issue.

The Court of Appeals found that the difference between actual and constructive possession, often one of degree, was a question for the jury in appellee's case. We agree. The cocaine was located in the rear quarter panels of the car. To gain access to it one would have to remove part of the rear seat and also side plastic moldings of the back seat arm rest and, finally, uncover an opening covered by a plate attached by three Phillips screws. This evidence raised an issue of direct physical control over the cocaine and warranted a charge on the offense of possession of cocaine.

Even if there is some evidence of the lesser included offense, the state argues that the court need not charge on the lesser included offense unless the evidence shows that the defendant was *only* guilty of the lesser included offense. The evidence at trial showed that the cocaine was hidden in compartments which could be removed by pop rivets. The car had been recently repainted, and the compartments had been spray painted to match the rest of the door. The state contends that these pieces of evidence, along with the evidence as a whole, showed that the defendant was either unknowingly duped or guilty of actual physical possession of the cocaine. The state contends that the proper standard for charging on lesser included offenses is found in *Leeks v. State*, 188 Ga. App. 625, 628 (373 SE2d 777) (1988): "[I]t is never error for a trial court to refuse to charge on a lesser included offense even though requested in writing when the evidence does not reasonably raise the issue that the defendant may be *only* guilty of the lesser crime." (Emphasis supplied.) Applying this standard to this case, the state argues, the trial court did not err in failing to charge on possession of cocaine. We expressly disapprove the language quoted from *Leeks v. State*, supra, and disapprove other cases holding that a lesser included offense need not be charged in the absence of evidence that the defendant is guilty of only the lesser crime. The correct rule is that a written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense.

> The state or the accused may, by written application to the trial judge at or before the close of the evidence, request him [or her] to charge on lesser crimes that are included in those set forth in the indictment or accusation, and *his [or her] failure to so charge as requested, if the evidence warrants such requested charge or charges, shall be error.* [Emphasis supplied.] [*State v. Stonaker*, 236 Ga. 1, 2 (3) (222 SE2d 354) (1976).]

*Parker v. State*, 256 Ga. 543 (2) (350 SE2d 570) (1986).
*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 8, 1990 —
RECONSIDERATION DENIED NOVEMBER 28, 1990.

Jack O. Partain III, District Attorney, Michael R. McCarthy, Assistant District Attorney, for appellant.

Bates, Kelehear & Starr, Harlan M. Starr, for appellee.