## A93A0246. MESSICK v. THE STATE.
(433 SE2d 595)

COOPER, Judge.

Appellant was charged in a one-count indictment with "aggravated assault upon the person of Carolyn Barnett by pointing a pistol, a deadly weapon, at, toward and in the direction of Carolyn Barnett and orally threatening to shoot her." He was convicted by a jury of terroristic threats and appeals from the judgment entered on that conviction.

Evidence adduced at trial shows that appellant and Barnett lived together in Barnett's house prior to the incident giving rise to appellant's indictment. On the night of the incident, appellant went to Barnett's house and found Barnett with Willie Nutall, another man she had been dating. An altercation between appellant and Barnett ensued, and Nutall stepped in to protect Barnett. Appellant went out of the room and returned with a large handgun. Accounts of what hap-

pened at that point diverge. Barnett testified that appellant pointed the gun at her head and threatened to shoot her if she did not tell Nutall to leave, and that appellant subsequently threatened to "blow her brains out" if Nutall ever came over again. Barnett's testimony was corroborated by that of Nutall. Appellant testified that he felt threatened by Nutall and that he simply stood there with the gun at his side and asked Barnett to tell Nutall to leave. Nutall did leave, and appellant left soon afterward.

The State and appellant both asked for jury charges on lesser included offenses. The trial court granted the State's request to charge on terroristic threats as a lesser included offense but denied appellant's request to charge on simple assault.

1. Appellant first argues that the trial court erred in instructing the jury on terroristic threats as a lesser included offense of aggravated assault. A person commits the offense of aggravated assault with a deadly weapon when he uses a deadly weapon to place another person in reasonable apprehension of immediately receiving a violent injury (OCGA § 16-5-21 (a) (2)), and a person commits the offense of a terroristic threat when he threatens to commit any crime of violence with the purpose of terrorizing another person (OCGA § 16-11-37 (a)). Appellant cites several cases for the proposition that the crime of terroristic threats is not a lesser included offense of aggravated assault as a matter of law because the two offenses involve proof of separate and distinct essential elements. See, e.g., *Echols v. State*, 134 Ga. App. 216 (4) (213 SE2d 907) (1975). However, unlike the federal rule, the rule in Georgia provides that "a lesser offense may be included in the greater offense as a matter of fact *or* as a matter of law." *Burgess v. State*, 189 Ga. App. 790, 791 (2) (377 SE2d 543) (1989). A lesser crime is included in a charged crime so that the accused may be convicted of the lesser crime when: "(1) [i]t is established by proof of the same or less than all the facts . . . required to establish the commission of the crime charged; *or* (2) [i]t differs from the crime charged only in the respect that a less serious injury or risk of injury . . . or a lesser kind of culpability suffices to establish its commission." OCGA § 16-1-6. (Emphasis supplied.) We have interpreted this statutory provision to mean that even if a lesser offense is not included in a charged offense as a general matter because the two offenses have different elements, the lesser offense may be an included offense in a particular case if the facts alleged in the indictment and the evidence presented at trial to establish the charged offense are sufficient to establish the lesser offense as well. See, e.g., *Burgess*, supra at (2); *Parks v. State*, 180 Ga. App. 31 (4) (348 SE2d 481) (1986). In the instant case, the State alleged in the indictment that appellant pointed a gun at Barnett and threatened to shoot her. From the evidence presented at trial to support these allegations, the

jury would have been authorized to find either that appellant used a gun to place the victim in reasonable apprehension of immediately receiving a violent injury or that appellant threatened to commit a crime of violence with the purpose of terrorizing the victim. Thus, terroristic threats was included in the offense of aggravated assault with a deadly weapon as a matter of *fact* in this particular case, and the trial court did not err in instructing the jury accordingly.

2. Appellant further contends that even if terroristic threats is an included offense of aggravated assault with a deadly weapon, the trial court's instruction to that effect was error because the indictment failed to notify appellant that he could be convicted of terroristic threats. This contention has already been rejected by the Georgia Supreme Court. "A defendant is on notice of the crime charged . . . in the indictment or accusation and (1) lesser crimes which are included in the crime charged as a matter of law . . . and (2) other lesser crimes which are shown by the facts alleged to show how the crime charged was committed." *McCrary v. State*, 252 Ga. 521, 524 (314 SE2d 662) (1984); see also *Turner v. State*, 253 Ga. 762 (3) (325 SE2d 149) (1985).

3. Lastly, appellant argues that the trial court erred in refusing to give his requested instruction on simple assault as a lesser included offense. In essence, appellant suggests the jury could have found that appellant acted in a manner causing a reasonable apprehension on the part of Barnett that she might immediately receive a violent injury, but did so without the use of a gun. A defendant is entitled to have the jury consider every lesser included offense authorized by the evidence. See *Dickson v. State*, 167 Ga. App. 685 (2) (307 SE2d 267) (1983). However, it is undisputed that appellant had a gun in this case. Accordingly, a conviction for simple assault would not have been authorized, and the trial court did not err in refusing the requested charge. *Watson v. State*, 235 Ga. 461 (5) (219 SE2d 763) (1975). See also *Zachery v. State*, 158 Ga. App. 448 (3) (280 SE2d 860) (1981).

*Judgment affirmed. McMurray, P. J., and Beasley, P. J., concur.*

DECIDED JUNE 4, 1993 —
RECONSIDERATION DENIED JULY 14, 1993 — 

*Eason, Howard, Bowen, Jones & Heard, James W. Howard*, for appellant.

*Lewis R. Slaton, District Attorney*, for appellee.