## A93A1617. GORDON v. THE STATE.
(435 SE2d 742)

BLACKBURN, Judge.

In a two-count indictment, the appellant, Gregory Gordon, was charged with child molestation and statutory rape. Following a trial by jury, he was found guilty on both counts and the trial court merged the child molestation into the statutory rape conviction before sentencing him to 15 years in prison. This appeal followed.

The evidence presented at trial showed that Gordon had been living with the mother of the seven-year-old victim approximately six years before the sexual exploitation of the victim was discovered. In late August 1990, the victim was taken to a local hospital for complaints of burning during urination and a vaginal discharge. When questioned by the hospital's medical social worker about possible sexual abuse, the victim indicated that her "stepfather" had sexual intercourse with her on several occasions. The social worker notified the local police of the allegations of sexual abuse, and during her investigation at the hospital, the investigator was also informed by the victim that her "daddy" had been engaging in sexual intercourse with her while her mother was not at home. The victim identified Gordon at trial as the person that she refers to as daddy. A pediatrician who examined the victim at the hospital testified that the victim was suffering from gonorrhea which was contracted through sexual inter-

course. During his examination of the victim's vaginal area, he observed redness in the hymen and noticed that her hymen was not intact at all, which indicated that there had been hymenal penetration. The physician further indicated that the victim's hymen was comparable to that of an adult woman who had engaged in routine sexual intercourse.

During his testimony at trial, Gordon denied any sexual involvement with the victim and denied having gonorrhea based upon the results of testing performed before he was arrested and after he was released on bond following his arrest. However, the victim's mother testified that Gordon complained of a burning sensation in his penis on the night before the victim was taken to the hospital.

1. Gordon initially asserts that the prosecutor's comment during closing argument on his failure to produce a medical report supporting his testimony that he did not have gonorrhea impermissibly shifted the burden of proof. He specifically challenges the following argument by the prosecutor, to which he objected: "If he was so adamant about proving that he didn't give gonorrhea to [the victim], don't you think when he went to get this all important test the day he got out of jail he would have gotten the doctor's name? Would have gotten the report that said he didn't have gonorrhea." The prosecution further argued that "[d]on't you think if those tests were available that he would have made sure that there was documentation?" Gordon again voiced an objection to this line of questioning and moved for a mistrial, and the motion was denied by the trial court.

Although a prosecutor may properly draw inferences in closing argument from the defense's failure to produce witnesses, *McGee v. State*, 260 Ga. 178 (4) (391 SE2d 400) (1990), and may comment on a defendant's failure to adduce evidence to rebut the state's evidence, *Johnson v. State*, 204 Ga. App. 369 (2) (419 SE2d 96) (1992), the trial court did conclude that the prosecution's comments unfairly placed in the minds of the jury that Gordon could have received written documentation from the hospital indicating that he did not have the disease, and "took the action necessary to make sure that the prosecutor's argument did not erroneously shift any burden to [Gordon] by promptly and accurately granting appropriate curative instructions." *Martin v. State*, 193 Ga. App. 581, 587 (388 SE2d 420) (1989). "[T]he trial judge in passing upon a motion for mistrial on account of alleged improper argument is vested with a broad and sound discretion, and his ruling will not be controlled by this court unless manifestly abused." (Citations and punctuation omitted.) Id. Considering the prosecutor's comments in the context in which they were made, after the prosecutor argued that Gordon did not have to present any evidence in this case, we cannot say that the trial court abused its discretion in overruling Gordon's motion for a mistrial. Moreover, Gordon's

reliance on the Supreme Court's decision in *Ranger v. State*, 249 Ga. 315 (290 SE2d 63) (1982) is misplaced. In *Ranger*, the Supreme Court discussed a prosecutor's comment on the failure of an accused to testify. Inasmuch as Gordon did testify on his behalf, *Ranger* is inapplicable under the facts in this case. Accordingly, this enumeration is without merit.

2. Gordon next argues that the trial court erred by charging the jury that their duty was to find him "guilty or innocent" as he specifically requested at the charge conference rather than "guilty or not guilty." In addition to his assertion that such references impermissibly resulted in the shifting of the burden of proof, Gordon maintains that repeated references to his guilt or innocence dilutes the presumption of innocence, promotes misunderstanding in jury deliberations and denies his right to a "not guilty" verdict. We disagree.

As we recently stated in *Bass v. State*, 208 Ga. App. 859, 861 (4) (432 SE2d 602) (1993), where the defendant therein questioned the trial court's usage of the phrase "guilt or innocence" in its charge to the jury, "[i]t is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error." (Citation and punctuation omitted.) There is nothing in the review of the charges in the case sub judice to show that the presumption of innocence was diluted, the jury misunderstood this presumption during deliberation, or that the burden of proof was shifted to Gordon to prove his innocence. See *Roker v. State*, 262 Ga. 220 (4) (416 SE2d 281) (1992). In fact, the trial court specifically charged the jury that Gordon was presumed innocent until proven guilty, that he entered the trial with the presumption of innocence, and that there was no burden of proof on Gordon. In addition, the court charged the jury that the burden of proof never shifts to Gordon to prove his innocence. Moreover, the charges given by the trial court covered substantially the same principles as the "guilty or not guilty" charge requested by Gordon. *Kennedy v. State*, 205 Ga. App. 152, 156 (421 SE2d 560) (1992). Accordingly, this enumeration is without merit.

3. In his third enumeration of error, Gordon contends that the trial court erred in allowing an investigating officer to testify that the victim's demeanor was consistent with other sexually abused children as this was the ultimate issue at trial. On the contrary, the state "was not attempting to elicit a direct opinion on the ultimate issue of whether the victim had been molested . . . [but] was simply attempting to elicit testimony as to whether the victim had exhibited that *behavior* which, in the [opinion] of the [witness], was typically displayed by a sexually abused child, not an *opinion*, based upon the victim's behavior, as to whether she had actually been molested." *Hall v. State*, 201 Ga. App. 626, 627 (2) (411 SE2d 777) (1991). "Tes-

timony merely as to whether the victim did or did not exhibit this 'typical' behavior would not invade the province of the jury, for the question of whether, notwithstanding her behavior, the victim was or was not molested would remain exclusively for jury resolution." Id. However, the trial court on its own provided cautionary instructions to the jury to disregard the answer of the officer based upon Gordon's objection. Consequently, a mistrial was not warranted.

4. Lastly, Gordon maintains that the trial court committed reversible error in failing to charge the jury on the law of sexual battery, as sexual battery, an offense involving the intentional physical contact with the intimate parts of the body of another without consent, OCGA § 16-6-22.1, is a lesser included offense of both child molestation and statutory rape. On the contrary, in *Teasley v. State*, 207 Ga. App. 719 (2) (429 SE2d 127) (1993), we recently rejected a similar argument made by the defendant therein, and held that the offense of sexual battery is not included in the offense of child molestation as a matter of law as "[t]he crimes of child molestation and sexual battery have different elements and protect different classifications of victims." Id. In *Barnes v. State*, 244 Ga. 302, 305 (1) (260 SE2d 40) (1979), our Supreme Court specifically recognized that OCGA §§ 16-6-3; 16-6-4; 16-6-5, formerly Code Ann. §§ 26-2018; 26-2019; and 26-2020, together "provide a general statutory scheme giving protection to both male and female children under the age of fourteen. . . ." Therefore, we must conclude likewise that sexual battery is not a lesser included offense of statutory rape as a matter of law.

In considering whether sexual battery is a lesser included offense of statutory rape as a matter of fact, inasmuch as this offense is the sole offense on which the judgment herein was entered against the accused, we must recognize that "[w]here the defendant is charged by a narrowly drawn indictment with a specific crime it is not within the power of the judge or the jury to interpret the facts as presented at trial to support an alternative, separate offense." (Citations and punctuation omitted.) *Teasley*, supra at 720. The indictment in this case provides that the accused "did unlawfully take immoral, improper, and indecent liberties with the person of [the victim], a child under the age of fourteen (14) years, by placing accused's sex organ against, upon and into the female sex organ of [the victim], with intent to arouse and satisfy his sexual desires." The indictment in question was narrowly tailored to the offense of statutory rape as contained in OCGA § 16-6-3 (a), and based upon the evidence presented at trial in addition to the language of the indictment, a charge on sexual battery was not authorized. Accordingly, the trial court's refusal to charge the jury on the law of sexual battery was not erroneous.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 10, 1993.

*Bruce S. Harvey, Pete C. Whitlock*, for appellant.

*Lewis R. Slaton*, District Attorney, *Shawn E. Lagrua, Vivian D. Hoard*, Assistant District Attorneys, for appellee.