## A96A0990. STRICKLAND v. THE STATE.
(479 SE2d 125)

RUFFIN, Judge.

A jury convicted John Strickland of cruelty to children and child molestation. He appeals the judgment of conviction. For reasons which follow, we affirm.

1. Strickland contends that the trial court erred in denying his written request for a jury charge on the offense of sexual battery. He claims that on the facts of his case, sexual battery was a lesser included offense of child molestation as a matter of fact and that he was, therefore, entitled to a charge on that offense. We address this

contention first and at length because it raises a number of issues regarding lesser included offenses that have confused our courts for many years. We believe that the resolution of these issues is essential to the consistent administration of justice and to the preservation of fundamental rights.

Georgia law provides that a lesser offense can be included in a greater offense either as a matter of law or as a matter of fact. OCGA § 16-1-6; *Messick v. State*, 209 Ga. App. 459, 460 (1) (433 SE2d 595) (1993). It is well established that, as a matter of law, the offense of sexual battery is not included in the offense of child molestation. See *Gordon v. State*, 210 Ga. App. 224, 227 (435 SE2d 742) (1993).[1] However, two questions remain: whether sexual battery can ever be a lesser included offense of child molestation as a matter of fact and, if so, whether sexual battery is such a lesser included offense based on the facts of this case.

Unfortunately, our cases have been inconsistent regarding whether sexual battery can be a lesser included offense of child molestation as a matter of fact. While cases such as *Duck v. State*, 210 Ga. App. 205, 207 (4) (435 SE2d 725) (1993), have suggested that sexual battery cannot be a lesser included offense of child molestation as a matter of fact, other cases such as *Landrum v. State*, 210 Ga. App. 275, 277 (6) (436 SE2d 40) (1993), have implied that sexual battery may be a lesser included offense in some cases. See also *Shepherd v. State*, 217 Ga. App. 893 (459 SE2d 608) (1995) (Beasley, C. J., and Ruffin, J., concurring). In *Shepherd*, Chief Judge Beasley and the author of this opinion wrote separate concurring opinions arguing that sexual battery was a lesser included offense of child molestation in that case as a matter of fact.[2] Furthermore, it is apparent that many trial courts continue to instruct juries that sexual battery is a lesser included offense of child molestation. See *Flowers v. State*, 220 Ga. App. 814, 817 (6) (468 SE2d 199) (1996); *Shepherd*, supra; *Paradise v. State*, 212 Ga. App. 166, 169 (4) (441 SE2d 497) (1994). Thus, it should be readily apparent that a clarification of this issue is long overdue.

(a) A crime is a lesser included offense of the crime charged as a matter of fact when "[i]t is established by proof of the same or less

---

[1] "[W]e recently . . . held that the offense of sexual battery is not included in the offense of child molestation as a matter of law as '(t)he crimes of child molestation and sexual battery have different elements and protect different classifications of victims.' [Cit.] In *Barnes v. State*, 244 Ga. 302, 305 (1) (260 SE2d 40) (1979), our Supreme Court specifically recognized that OCGA §§ 16-6-3; 16-6-4; 16-6-5, formerly Code Ann. §§ 26-2018; 26-2019; and 26-2020, together 'provide a general statutory scheme giving protection to both male and female children under the age of fourteen. . . .'" *Gordon v. State*, supra at 227 (4).

[2] The majority decided *Shepherd* on other grounds and did not reach the issue of whether sexual battery was a lesser included offense as a matter of fact.

than all the facts or a less culpable mental state than is required to establish the commission of the crime charged. . . ." OCGA § 16-1-6 (1). In construing this provision, this Court has held that "even if a lesser offense is not included in a charged offense as a general matter because the two offenses have different elements, *the lesser offense may be an included offense in a particular case if the facts alleged in the indictment and the evidence presented at trial to establish the charged offense are sufficient to establish the lesser offense as well.* [Cits.]" (Emphasis supplied.) *Messick*, supra at 460. Thus, whether a lesser offense is included in a greater offense as a matter of fact must be determined on a case-by-case basis, depending upon the facts alleged in the indictment and the evidence presented at trial. See id.

A person commits the offense of child molestation, a felony, when he or she "does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). In comparison, a person commits the offense of sexual battery, a misdemeanor, when he or she "intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person." OCGA § 16-6-22.1 (b). The elements of these two offenses clearly differ: child molestation requires specific intent, while sexual battery requires only general intent; child molestation includes non-physical conduct in the presence of a child under the age of 16 years, while sexual battery requires actual physical contact with a victim of any age.

As a result of the differences between these two offenses, it is possible to commit one offense without committing the other. For example, a person who engages in indecent acts in the presence of a child, but without actually touching the child, might be guilty of child molestation, whereas he would not be guilty of sexual battery. However, it is equally possible to engage in a single act which satisfies all of the elements of both offenses. For example, the act of fondling the genitalia of a 12-year-old child with only an inference of the intent to arouse sexual desires would satisfy all of the elements of both offenses. Yet, the substantive bar against double jeopardy would prohibit the State from convicting the defendant of both offenses on the basis of that singular act. See OCGA § 16-1-7 (a) (1); *State v. Estevez*, 232 Ga. 316, 317 (1) (206 SE2d 475) (1974). Thus, under OCGA § 16-1-6 (1) and *Messick*, supra, sexual battery can be a lesser included offense of child molestation in particular cases where the facts alleged in the indictment for child molestation also include all of the elements of sexual battery.

The State, on the contrary, cites this Court's opinion in *Duck*, supra, for the proposition that sexual battery is not, and presumably never can be, a lesser included offense of child molestation as a

matter of fact.[3] In *Duck*, this Court concluded that the indictment, which specified the victim's age, was "narrowly drawn to pertain only to a crime against a child[,]" and that sexual battery, therefore, could not be a lesser included offense of child molestation as a matter of fact. Id. at 208 (4). *Duck* is one in a line of cases stemming from *Teasley v. State*, 207 Ga. App. 719 (2) (429 SE2d 127) (1993).

*Teasley* held that the "indictment taken together with the evidence indicates that sexual battery was not a lesser included offense of child molestation in this case as a matter of fact" and that when the indictment *and* the evidence presented at trial does not warrant it, "it is not within the power of the judge or the jury to interpret the facts as presented at trial to support an alternative, separate offense." (Citation and punctuation omitted.) Id. at 720. Although broadly written, *Teasley* is a correct statement of the law *when properly applied*. See *Messick*, supra at 461; compare *Bowers v. State*, 177 Ga. App. 36 (338 SE2d 457) (1985). A lesser included offense as a matter of fact must be both adequately averred in the indictment and be supported by some evidence of record. *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550) (1990).

Nevertheless, while *Teasley* is a correct statement of the law when properly applied, its broad language has been read to hold that sexual battery can never be a lesser included offense of child molestation as a matter of fact, regardless of the language of the indictment and the proof at trial. See *Proper v. State*, 208 Ga. App. 471, n. 1 (431 SE2d 133) (1993); *Duck*, supra; and their progeny. Thus, to the extent that the following cases stand for the proposition that sexual battery cannot be a lesser included offense as a matter of fact, they are overruled: Division 6 of *Flowers*, Division 6 of *Perkins*, Division 4 of *Duck*, and Division 4 of *Gordon*. We also disapprove of any language in Division 2 of *Teasley* and footnote 1 of *Proper* that would support such an outcome.

Cases such as *Landrum*, that held a charge on sexual battery was not required based on an analysis of the evidence presented and not upon a rule that sexual battery could never be a lesser included

---

[3] Although the majority in *Duck* made it clear that their holding pertained only to the facts of that particular case, several of this Court's more recent opinions seem to support the State's broader assertion. For example, in *Flowers*, supra at 817 (6), this Court held that the trial court erred in charging the jury that sexual battery was a lesser included offense of all the counts charged because "[s]exual battery is *not* a lesser included offense of child molestation." (Emphasis in original.)

Similarly, in *Perkins v. State*, 212 Ga. App. 225 (441 SE2d 511) (1994), this Court held that in a case where the defendant is indicted only for child molestation, " 'there would *never* be any reason for the court to charge the jury on sexual battery as a lesser included offense. Such a charge would be error.' [Cit.]" (Punctuation omitted; emphasis supplied.) This holding fails to consider OCGA § 16-1-6 (1) and assumes that sexual battery can never be a lesser included offense of child molestation as a matter of fact.

offense of child molestation, are neither overruled nor disapproved. In the same manner, Division 2 of Chief Judge Beasley's special concurrence in *Shepherd* correctly analyzed this issue. A charge on sexual battery as a lesser included offense of child molestation is required when the indictment puts the defendant on notice that he could be convicted of the lesser included offense *and* the evidence presented at trial is sufficient to establish the lesser included offense consistent with these averments.

(b) While we have concluded that sexual battery can be a lesser included offense of child molestation as a matter of fact, we further conclude that sexual battery was *not* a lesser included offense in the present case given the evidence presented at trial. Consequently, we find that a charge on sexual battery was not required despite Strickland's written request. Compare *Alvarado*, supra. "[E]ven if a lesser offense is not included in a charged offense as a general matter because the two offenses have different elements, the lesser offense may be an included offense in a particular case if the facts alleged in the indictment *and the evidence presented at trial* to establish the charged offense are sufficient to establish the lesser offense as well." (Emphasis supplied.) *Messick*, supra at 460; see *McCrary v. State*, 252 Ga. 521, 523-524 (314 SE2d 662) (1984).

In determining whether a lesser included offense charge is necessary under a given indictment, this Court is required to follow the most recent Supreme Court cases of *Edwards v. State*, 264 Ga. 131 (442 SE2d 444) (1994), and *Alvarado*, supra. Based on these cases, an indictment for child molestation could be drawn to exclude sexual battery as a lesser included offense, e.g., when the indictment alleged child molestation by commission of indecent acts in the presence of a child. If, however, the indictment alleged child molestation by touching of the child's intimate parts and the evidence presented at trial was sufficient to show an intentional touching of the child's intimate parts but without the intent necessary to prove child molestation (e.g., *Bridgers v. State*, 183 Ga. App. 98, 99 (357 SE2d 894) (1987)), a charge on sexual battery as a lesser included offense would be required. *Edwards*, supra; *Alvarado*, supra.

In this case, the facts contained in the indictment for child molestation are sufficient to put Strickland on notice that he may be convicted of the lesser offense of sexual battery. The indictment in this case charges Strickland with child molestation in that he "did unlawfully . . . commit an immoral and indecent act to [the victim], a child under the age of 14 years, with intent to arouse and satisfy his own sexual desires by touching her breast with his hand. . . ." The indictment includes all of the necessary elements of sexual battery. "That is, charging defendant with [touching the breast of the victim] intentionally (i.e., with general criminal intent) would consti-

tute sexual battery if done without her consent. OCGA § 16-6-22.1 (b). Since a person under age 14 cannot legally consent, this element is contained in the indictment for child molestation." *Shepherd*, supra at 895-896. Thus, based on the indictment in this case, sexual battery could be a lesser included offense of child molestation under OCGA § 16-1-6 because the lesser offense is established by less than all of the facts of the greater offense and by a less culpable mental state.

However, the evidence presented at trial in this case did not support a charge on sexual battery. In this case, the victim's testimony, if believed, would establish that Strickland committed the crime of child molestation, yet no evidence presented by either side would authorize a finding that Strickland committed the crime of sexual battery. According to the victim, Strickland would, among other things, ask her "for a pinch" of her breast and ask her if he could lick her breast. The victim further testified that Strickland told her "it felt good" when he fondled her. This evidence establishes all the elements of child molestation: an immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person. OCGA § 16-6-4 (a).

"Where the evidence shows either the completed offense as charged or no offense, such evidence will not support a verdict for one of the lesser grades of the offense, and the court should not charge on the lesser grades of the offense." *Burley v. State*, 172 Ga. App. 34, 35 (321 SE2d 783). "The complete rule with regard to giving a defendant's requested charge on a lesser included offense is: where the state's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense*, there is no error in failing to give a charge on the lesser offense. Where a case contains some evidence, no matter how slight, that shows that the defendant committed a lesser offense, then the court should charge the jury on that offense." (Citation omitted; emphasis in original.) *Edwards*, supra at 133. Thus, since the evidence presented in this case demanded a finding of child molestation or nothing, we conclude that the trial court did not err by refusing to give the requested charge.[4] *Landrum v. State*, supra at 277-278; *Brooks v. State*, 197 Ga. App. 194, 195 (397 SE2d 622) (1990).

2. Strickland next contends the trial court erred in instructing the jury regarding evidence of Strickland's character. We disagree.

---

[4] We note that this decision does not address a factual situation where the jury must infer that the defendant was acting with the intent to arouse or satisfy the sexual desires of either the child or the defendant since there was unequivocal testimony in this case that Strickland told the victim "it felt good."

The State questioned Strickland's character witness concerning bad acts committed by Strickland which the State claimed in good faith were supported by admissible evidence. The State informed the trial court of these bad acts and the way in which it could prove these bad acts outside the presence of the jury. Thus, the questioning was proper. See *State v. Clark*, 258 Ga. 464 (369 SE2d 900) (1988). To each question, the witness replied he was unaware of the acts and that they would not change his opinion. No other evidence of bad acts was introduced by the State. Strickland does not assert that the trial court erred by allowing the questioning; he merely asserts that the trial court's jury charge regarding bad character was erroneous.

The trial court gave limiting instructions regarding the questions and answers and later charged the jury as follows: "The district attorney cross examined the character witness of the Defendant about certain matters which could or would affect the reputation and the character of the Defendant. This evidence can be used only for the limited purpose of impeaching the testimony of the witness offering evidence of Defendant's good character. This evidence can not be used in determining the guilt or innocence of the Defendant as to the crimes charged." Later in the charge, the trial court defined evidence: "Evidence is the means by which any fact which is put in issue is established or disproved. Evidence includes the testimony of the witness and the exhibits admitted during the trial."

There is no dispute that Strickland introduced evidence of good character through his witness. Therefore, it is clear the State was permitted to impeach Strickland's character witness by asking questions related to bad acts committed by Strickland which the State could prove. See *Clark*, supra. Although the character witness stated he did not know of the bad acts and that the bad acts would not change his opinion, this testimony is still evidence which the jury may consider for impeachment purposes. Since the jury instruction is a correct statement of the law, and the charge as a whole would not mislead a jury of average intelligence, we find no error. *Brown v. State*, 197 Ga. App. 365, 366 (2) (398 SE2d 424) (1990). Moreover, the charge was harmless in light of the overwhelming evidence in this case and in light of the fact that the charge actually was given for Strickland's benefit to ensure the jury did not use any testimony regarding Strickland's bad acts in determining his guilt or innocence. *Weatherby v. State*, 213 Ga. 188, 192 (3) (97 SE2d 698) (1957).

3. Strickland also asserts the trial court erred in allowing testimony from an expert witness regarding the credibility of the victim. This enumeration mischaracterizes the testimony. Teresa Dean, who performed psychological evaluations on the victim, testified, "[the victim's] reports were consistent each time she had been interviewed prior to my interview, basically cross time and cross interviewers she

told the same story. The symptoms that she described are consistent with the post traumatic stress disorder and the testing confirmed her description of her symptoms." Strickland contends these statements commented on the truthfulness of the victim and were inadmissible. See *Smith v. State*, 259 Ga. 135, 138 (2) (377 SE2d 158) (1989). We disagree.

First, Strickland failed to preserve this issue for appeal because he did not object to the testimony at trial. *McGee v. State*, 205 Ga. App. 722, 723 (2) (423 SE2d 666) (1992). Second, Dean's statements regarding the consistency of the victim's reports were merely statements relating the history of the case, her testing, and the foundation for her diagnosis of post traumatic stress disorder. They were not statements suggesting the truthfulness of the victim. See *State v. Butler*, 256 Ga. 448, 450, n. 4 (349 SE2d 684) (1986). A witness may express an opinion whether evidence is consistent with the victim's story. *Satterwhite v. State*, 212 Ga. App. 543 (2) (442 SE2d 5) (1994). In addition, Strickland was permitted to cross-examine Dean regarding other factors which could have caused the victim's post traumatic stress disorder, showing the victim may not have been truthful. Accordingly, the court did not err in admitting this testimony.

4. In his fourth enumeration of error, Strickland claims the trial court erred in allowing testimony in aggravation of punishment at the presentence hearing when Strickland was not given notice of such evidence prior to the hearing. Citing OCGA § 17-10-2 (a), which provides that the only admissible evidence in aggravation is that which the State has made known to the defendant prior to trial, Strickland argues that the testimony was inadmissible. However, Strickland consented in advance to the trial court's use of the probation report. Accordingly, we find this enumeration to be without merit.

5. In his final enumeration of error, Strickland asserts the evidence was insufficient to convict him. We disagree. The evidence presented was sufficient to sustain Strickland's conviction. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Beasley, C. J., McMurray, P. J., Birdsong, P. J., and Blackburn, J., concur. Pope, P. J., Andrews, Johnson, Smith, JJ., and Senior Appellate Judge Harold R. Banke concur specially.*

POPE, Presiding Judge, concurring specially.

I agree that the majority's analysis in Division 1 (a) is a correct application of the general law of lesser included offenses to the specific situation involving child molestation and sexual battery. And I agree with the conclusion in Division 1 (b) that there was no evidence of sexual battery in this case, even though proof of intent will generally depend on inference in the absence of an actual statement of

intent on the part of the defendant.

Nonetheless, I deem it necessary to address the real problem presented in situations like this one: Although the statutes defining child molestation and sexual battery leave open the possibility that sexual battery may be a lesser included offense of child molestation as a matter of fact, it offends our sensibilities that the sexual touching of a child could be a misdemeanor. Moreover, it is totally illogical that the sexual touching of a child may warrant a charge on a misdemeanor offense, while the commission of an indecent act in the presence of a child must be a felony. Clearly this is not what the legislature intended when it failed to specify that the victim of a sexual battery should not be a child, and our efforts to avoid this offensive result have produced the somewhat inconsistent body of case law described by the majority.

The optimum solution would be for the legislature to redefine sexual battery to eliminate the possibility of a child victim. But in the meantime, a charge on sexual battery as a lesser included offense will have to be given upon request in some child molestation cases.

I am authorized to state that Senior Appellate Judge Harold R. Banke joins in this special concurrence.

SMITH, Judge, concurring specially.

I concur fully with the conclusion that the trial court did not erroneously refuse to give Strickland's requested charge. Given this conclusion, I do not agree that this case is an appropriate vehicle for discussion of whether sexual battery may be a lesser included offense of child molestation as a matter of fact. Had evidence been presented that Strickland committed sexual battery, a discussion of this issue would likely be necessary because our holding then would depend on the issue of whether sexual battery could ever be included in the offense of child molestation. The opinion notes, though, that the evidence demanded one of only two conclusions: Strickland was guilty "of child molestation or nothing." As in *Rash v. State*, 207 Ga. App. 585, 588 (6) (428 SE2d 799) (1993), our holding could be based on the simple fact that the evidence presented could not have supported a charge on sexual battery. Because the issue of whether sexual battery could ever be included as a matter of fact in the offense of child molestation is not dispositive of the issue in this case, the discussion in Division 1 (a) is premature.

Furthermore, I am concerned that the conclusion reached in Division 1 (a) might thwart the statutory scheme, embodied in OCGA §§ 16-6-3, 16-6-4, and 16-6-5, that protects children of tender years against sexual offenses. Although these statutes are mentioned in footnote 1, the opinion does not address and resolve the potential conflict of a holding that sexual battery may be a lesser included

offense of child molestation with the special legislative considerations afforded to children under 16.

I am authorized to state that Judge Andrews, Judge Johnson and Senior Appellate Judge Harold R. Banke join in this special concurrence.

DECIDED DECEMBER 4, 1996 — 

*William W. Keith III, Karen E. Luffman,* for appellant.
*Roger G. Queen, District Attorney,* for appellee.