## A03A0905. NEAL v. THE STATE.
### (590 SE2d 168)

MIKELL, Judge.

An Upson County grand jury issued a bill of indictment accusing Garrett Neal of statutory rape. Following a jury trial, Neal was convicted of the lesser included offense of attempted statutory rape. Neal appeals, and we affirm.

On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict.[1] So viewed, the evidence shows that on August 29, 1998, 14-year-old A. O. visited the home of her friend, Prevon Neal. A. O. was alone in Prevon Neal's bedroom watching television when 19-year-old Garrett Neal, Prevon Neal's brother, came into the room, grabbed a condom from a drawer, and asked A. O. if she wanted to use it. A. O. responded no and Neal left, but he returned, grabbed her arm, and took A. O. to his bedroom. Neal removed A. O.'s clothes and pushed her onto the bed. Neal got on top of A. O. and tried to pry her legs open. A. O. testified that Neal penetrated her vagina with his penis.

Neal testified on his own behalf at trial. According to Neal, he went into his bedroom with A. O. and they both took off their clothes and got onto the bed. Neal was "in a position to have sex," but A. O. "said no, it's too big." Neal testified that he then left his bedroom without having sexual intercourse. Neal's written statement to police was admitted without objection at trial. In his statement, Neal wrote that he and A. O. went into his room and took off their clothes, and that he "got on her." Neal stated that A. O. "said my penis was to[o] big and it would not work so we stop."

Lieutenant Ronnie Cochran of the Upson County Sheriff's Department gave testimony about Neal's interview with police after the incident. According to Cochran, Neal admitted that he had penetrated A. O.'s vagina with his penis and that he had ejaculated into the condom he was wearing.

1. Neal contends that evidence was insufficient to support his conviction for attempted statutory rape. We disagree. "[A] person is guilty of criminal attempt if with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime."[2] Neal's own testimony and written statement show that he took a substantial step toward the commission of the crime of statutory rape. Neal testified that he was in a "position to have sex" with A. O., and he and A. O. were nude on his bed and he

---

[1] *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

[2] (Punctuation and footnote omitted.) *Dennard v. State*, 243 Ga. App. 868, 871 (1) (a) (534 SE2d 182) (2000); OCGA § 16-4-1.

"got on her." A rational trier of fact could conclude that Neal attempted to have sexual intercourse with a person under the age of 16.[3]

2. (a) Neal contends the trial court erred in failing to instruct the jury on sexual battery as a lesser included offense of statutory rape. "[A] written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense."[4] The issue is whether sexual battery was a "lesser included offense" for purposes of this case.

Under Georgia law, a lesser offense can be included in a greater offense either as a matter of law or as a matter of fact.[5] Sexual battery requires intentional physical contact with the "intimate parts of the body of another person without the consent of that person."[6] A person commits statutory rape when he or she has sexual intercourse with any person under the age of 16 years and not his or her spouse.[7] Because the two crimes have different elements, prohibit different types of conduct, and protect different classifications of victim, sexual battery is not a lesser included offense of statutory rape as a matter of law.[8]

The next question is whether sexual battery was a lesser included offense of statutory rape as a matter of fact in this case. Neal shows that the jury could conclude from his testimony and the testimony of A. O. that he committed acts constituting the offense of sexual battery. For instance, A. O. testified that Neal removed her panties and bra against her will. A. O. also told an investigator that Neal tried to put his finger in her vagina and to kiss her breast. Neal further argues that, unlike in cases such as *Moses v. State*,[9] the evidence does not show either the completed offense or no crime at all. The jury could believe, Neal contends, that he did not have sexual intercourse with A. O., but did commit acts constituting sexual battery. Accordingly, Neal claims, the trial court erred in failing to charge the jury on sexual battery because he requested the charge in writing, and the evidence at trial showed the lesser crime but not necessarily completion of the crime charged.

The state responds that even if the charge of sexual battery was adequately raised by the evidence, it was excluded from the indict-

---

[3] See OCGA § 16-6-3; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550) (1990).

[5] *Strickland v. State*, 223 Ga. App. 772, 773 (1) (479 SE2d 125) (1996).

[6] OCGA § 16-6-22.1 (b).

[7] OCGA § 16-6-3 (a).

[8] See *Gordon v. State*, 210 Ga. App. 224, 227 (4) (435 SE2d 742) (1993), overruled on other grounds, *Strickland*, supra, 223 Ga. App. at 775 (1) (a).

[9] 264 Ga. 313 (444 SE2d 767) (1994).

ment and so could not be charged as a lesser included offense. We find the state's argument persuasive. "[I]f a lesser offense is not included in a charged offense as a general matter because the two offenses have different elements, the lesser offense may be an included offense in a particular case if the facts alleged in the indictment and the evidence presented at trial to establish the charged offense are sufficient to establish the lesser offense as well."[10] Stated more succinctly, "[a] lesser included offense as a matter of fact must be both adequately averred in the indictment and be supported by some evidence of record."[11] Applying this standard to this case, sexual battery was not an included offense of statutory rape as a matter of fact because the indictment was strictly and narrowly drawn, stating only that Neal "did engage in sexual intercourse with [A. O.], a person under the age of 16 years, not his spouse." This is consistent with our reasoning in *Gordon v. State*,[12] in which, presented with an equally precise indictment, we held that sexual battery was not a lesser included offense of statutory rape. It follows that the trial court did not err in refusing to charge the jury on sexual battery because sexual battery was not a lesser included offense of statutory rape either as a matter of law or as a matter of fact.

(b) Neal also contends that the trial court erred by failing to give his requested charge on simple battery as a lesser included offense of statutory rape. A person commits simple battery when he or she "(1) [i]ntentionally makes physical contact of an insulting or provoking nature with the person of another; or (2) [i]ntentionally causes physical harm to another."[13] As in the case of sexual battery, simple battery has different required elements than statutory rape, notably intent and contact of an "insulting or provoking nature" or contact causing physical harm. The narrowly drawn indictment does not include these elements. It follows that the trial court did not err in failing to charge the jury on simple battery because simple battery is not a lesser included offense of statutory rape as a matter of law or, in this case, as a matter of fact.

3. Neal claims the trial court erred in failing to grant his motion for mistrial or to take other curative action after the trial court was apprised that a juror had viewed Neal in shackles before trial. We disagree.

Defense counsel told the trial court that a juror had seen Neal in shackles before trial and asked for a mistrial. The trial court questioned the juror who confirmed that he had seen Neal being unshack-

---

[10] *Messick v. State*, 209 Ga. App. 459, 460 (1) (433 SE2d 595) (1993).
[11] *Strickland*, supra, 223 Ga. App. at 775 (1) (a).
[12] Supra, 210 Ga. App. 224.
[13] OCGA § 16-5-23 (a).

led as the juror was coming up the stairs toward the jury room. The trial court then instructed the juror not to discuss the incident with the other jurors. After discussion with the state and defense counsel, the trial court announced that he would not declare a mistrial. Defense counsel then asked for curative instructions. The trial court told counsel:

> I am going to charge [the jury] on the presumption of innocence and reasonable doubt, and let them know if they happen to have seen the defendant restrained by shackles that that does not affect the presumption of innocence. . . .

Defense counsel responded that such an instruction could taint the jury as a whole because some of the jurors may not have been aware that Neal had been shackled. The trial court agreed that he would not mention that Neal was shackled. The trial court then brought the entire jury in and instructed them as to the presumption of innocence and asked if any of the jurors had seen anything that would cause them to be less than fair and impartial jurors or cause them to prejudge the case in any way. No juror responded. The trial then proceeded to opening arguments without further objection.

The viewing of a defendant in shackles by a juror does not, in and of itself, require the trial court to declare a mistrial, and the trial court did not err by refusing to do so here.[14] Nor was it error for the trial court to fail to instruct the jury that a defendant's placement in physical restraint is to have no bearing on the determination of his guilt. Such an instruction must be given if requested.[15] But Neal did not ask the trial court to give such a charge, and specifically requested that the trial court not refer to Neal as having been in shackles.

Neal relies on *Allen v. State*[16] for the proposition that the trial court was nevertheless required to instruct the jury that the use of physical restraints on the defendant has no bearing on the defendant's guilt or innocence. Unlike in *Allen*, Neal was not shackled during the trial. Furthermore, Neal did not simply fail to request a charge addressing his shackles, but specifically asked the trial court not to mention the restraints to the jury. *Allen* does not require a different result.

4. Neal claims the trial court erred in failing to grant his motion in limine to prevent the state from introducing evidence suggesting that the alleged act of sexual intercourse was forcible and against the

---

[14] *Curtis v. State*, 182 Ga. App. 899, 900 (3) (357 SE2d 602) (1987).

[15] *Kitchen v. State*, 263 Ga. 629, 630 (1) (436 SE2d 645) (1993).

[16] 248 Ga. App. 79 (545 SE2d 629) (2001).

will of A. O. because such testimony was irrelevant, more prejudicial than probative, and constituted a fatal variance. We again disagree. "The state is entitled to inform the jury of all the circumstances surrounding the commission of the crime or crimes charged."[17] The circumstances surrounding the sexual intercourse between Neal and A. O. were part of the res gestae and admissible on that basis.[18]

Nor was there a fatal variance between the evidence shown at trial and the indictment. The evidence shows the offense occurred as alleged in the indictment.[19]

5. Neal claims the trial court erred by refusing to allow him to cross-examine A. O. about representing herself to be 16 or to present other evidence showing that A. O. told Neal that she was 16. Knowledge of the age of the victim is not an element of the offense of statutory rape, and reasonable belief that the victim is of the age of consent is not a defense to statutory rape.[20] Where a trial court determines that proposed cross-examination would induce irrelevant testimony, the court does not abuse its discretion in denying such questioning.[21] Accordingly, Neal was not entitled to cross-examine A. O. as to whether she told him she was 16, and the trial court did not err in disallowing such cross-examination.

6. Neal argues that the trial court erred by failing to instruct the jury on his request to charge on mistake of fact. He asks that we revisit the question of intent as it relates to statutory rape.[22] Neal concedes, however, that mistake of fact is not a defense to the crime of statutory rape under existing authority.[23] The trial court's refusal to charge the jury on mistake of fact was not error.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 6, 2003 —
RECONSIDERATION DENIED NOVEMBER 25, 2003.

*William A. Adams, Jr.*, for appellant.

---

[17] *Ramsey v. State*, 233 Ga. App. 810, 812 (2) (505 SE2d 779) (1998).

[18] See *Chambers v. State*, 250 Ga. 856, 859 (2) (302 SE2d 86) (1983).

[19] See *Ross v. State*, 195 Ga. App. 624, 625 (1) (b) (394 SE2d 418) (1990) ("[i]f the indictment sets out the offense as done in a particular way, the proof must show it so, or there will be a variance") (emphasis omitted).

[20] *Tant v. State*, 158 Ga. App. 624-625 (2) (281 SE2d 357) (1981).

[21] *Lumpkin v. State*, 255 Ga. 363, 365 (5) (338 SE2d 431) (1986), overruled on other grounds, *Woodard v. State*, 269 Ga. 317, 319 (2) (496 SE2d 896) (1998).

[22] See, e.g., OCGA § 16-2-6.

[23] See *Tant*, supra, 158 Ga. App. at 624-625 (2).

*William T. McBroom III, District Attorney, Joyce A. Bussey, Assistant District Attorney,* for appellee.