## A96A0076. LINSON v. THE STATE.
### (472 SE2d 690)

ANDREWS, Judge.

Timothy T. Linson appeals his conviction of aggravated child molestation, contending that his trial counsel was ineffective and that the court erred in its charge to the jury.

1. Linson was charged with one count of aggravated child molestation by causing physical injury to K. L. and one count of sodomy on her.[1] Viewed in favor of the verdict, the evidence was that Linson had been staying with his brother, sister-in-law, and their daughter K. L., then three years old, for about a week. Both the mother and father were attending night school and generally left K. L. in the care of her grandmother. On the evening of March 23, 1994, however, they could not do this because Mr. Linson was late getting home from work. The parents asked Linson to keep K. L. while they attended class. When they left for class, K. L. was playing outside and Linson was watching her.

Upon returning home, the parents found Linson asleep on the sofa in the living room of their trailer and K. L. in her bedroom asleep. The adults talked for awhile and, before retiring, the father woke K. L. and took her to the bathroom. The child was having difficulty relieving herself, however, and the father discovered blood and what he believed to be semen in the toilet. The parents examined K. L. and discovered that she was bleeding from the rectum. They immediately took her to the hospital and took Linson with them, although he was reluctant to go.

K. L. was examined by the emergency room doctor who discovered tears and bruising around her rectum and bruising of the rectal muscle. K. L. was in extreme pain from her injuries. Because of their severity, the doctor asked K. L. if anyone had put anything in her rectum and she said her uncle, Linson, had. The doctor opined that the damage he saw could not have been caused by a human finger.

Linson made a statement acknowledging that he was caring for K. L. that evening. He said she had played with a neighbor, Keshaun, who brought K. L. to him to take K. L. to the bathroom. When he did, Linson noticed K. L. was bleeding. As he attempted to clean her up, his middle finger of his right hand accidentally slipped into her rectum. He did not mention any of this to her parents when they returned home.

The evidence was legally sufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *McGarity v. State*, 212 Ga.

---

[1] Pursuant to Linson's motion for new trial, the court vacated its prior judgment and resentenced Linson on only the aggravated child molestation conviction, concluding that the two counts merged for sentencing purposes.

App. 17, 21 (6) (440 SE2d 695) (1994).

2. Linson contends that he received ineffective assistance of counsel. The bases argued here and contained in his motion for new trial filed by appellate counsel are that trial counsel was ineffective because Linson was denied his right to testify, counsel did not interview witnesses before trial, counsel told the jury during his opening argument that Linson would testify, but then advised him not to, and counsel's cross-examination of the doctor was not beneficial. Trial counsel testified during the motion for new trial hearing and was cross-examined about his decisions.

"A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. [Cit.]" *Garrett v. State*, 196 Ga. App. 872, 874 (1) (397 SE2d 205) (1990). A conviction will not be reversed on the basis of ineffective assistance of counsel unless "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Carter v. State*, 176 Ga. App. 632, 633 (337 SE2d 413) (1985), quoting from *Strickland v. Washington*, 466 U. S. 668, 669 (104 SC 2052, 80 LE2d 674) (1984).

(a) Linson's argument that counsel improperly advised Linson not to testify consists of a summary of Linson's testimony concerning this issue at the motion for new trial hearing. During trial, however, Linson's trial counsel requested the court advise Linson of his right to testify or not, which the court did. In response to the court's inquiry, Linson said "I ain't going to testify." Determination of the credibility of Linson and his trial attorney were for the trial court and this court will not reweigh such determinations. Linson has failed to support this allegation.

(b) Part of Linson's argument is that not having him testify was ineffective because, in his opening statement, "trial counsel told [the jury] that the defendant would testify." What counsel said, however, was "we ask you to listen to the whole entire evidence that everybody gives and listen to Mr. Linson's story, *if and when he gets on the stand*, and then we're going to ask you at the end of this trial to weigh all the evidence and come up with a proper verdict."

Because Linson had given a statement to the police which had been held admissible by the court, trial counsel knew that there would be evidence of Linson's version of the events before the jury whether Linson testified or not. That counsel suggested the possibility that Linson might testify does not amount to ineffective assistance of counsel, particularly in light of the volatile relationship between counsel and client, addressed below.

(c) Linson argues that, because trial counsel was hostile to him, counsel failed to adequately prepare for trial and conduct his defense.

Counsel testified that he and Linson had difficulty communicating and that Linson's account of events, including the part played by the neighbor child, varied. He was given several different names for one witness suggested by Linson.

"As observed by the United States Supreme Court in *Morris v. Slappy*, 461 U. S. 1, 14 (103 SC 1610, 75 LE2d 610) (1983) and by this court in *Jefferson v. State*, 209 Ga. App. 859, 862 (1) (434 SE2d 814) (1993), 'a meaningful relationship' between a defendant and his counsel is not a Sixth Amendment guarantee." *Hammonds v. State*, 218 Ga. App. 423, 424 (1) (461 SE2d 589) (1995).

" 'Effectiveness is not judged by hindsight or by the result. . . . [T]he fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that defendant's original representation was inadequate. [Cits.]' *Hosch v. State*, 185 Ga. App. 71, 72 (2) (363 SE2d 258) (1987)." *Foreman v. State*, 200 Ga. App. 400, 401 (3) (408 SE2d 178) (1991).

While counsel did not interview the parents of K. L. or the numerous officers who had arrested and interviewed Linson, he had filed discovery requests, a motion to have Linson evaluated, and a demand for trial. Counsel spent at least an hour and a half over two visits to Linson in jail discussing the case before trial. He conducted cross-examination of the witnesses and argued effectively.

After reviewing the record, the trial court's conclusion that counsel was not ineffective was not clearly erroneous. *Stewart v. State*, 263 Ga. 843, 846 (6) (440 SE2d 452) (1994); *Duitsman v. State*, 217 Ga. App. 435, 436 (1) (457 SE2d 702) (1995).

3. Linson was charged with aggravated child molestation by an act "causing physical injury to said child." In a second count, he was charged with sodomy. During the charge to the jury, the court read OCGA § 16-6-4 (c) in its entirety. This put before the jury two methods of committing aggravated child molestation, by an act physically injuring the child or by an act of sodomy.

As urged by Linson, such a charge was misleading because it allowed the jury to convict Linson for aggravated child molestation involving an act of sodomy instead of the method charged in the indictment. *Dukes v. State*, 265 Ga. 422, 423 (457 SE2d 556) (1995); *Heard v. State*, 221 Ga. App. 166 (471 SE2d 22) (1996); *Walker v. State*, 146 Ga. App. 237, 243 (2) (246 SE2d 206) (1978).

The potential for confusion on this issue was particularly high in this case because there was a separate charge of sodomy before the jury. It cannot be said, in these circumstances, that such a charge was harmless.

*Judgment reversed. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 29, 1996 —
RECONSIDERATION DISMISSED JUNE 13, 1996 —

*William J. Mason*, for appellant.
*John G. Conger, District Attorney, Mark C. Post, Assistant District Attorney*, for appellee.