## A99A1102. LINSON v. THE STATE.
(522 SE2d 55)

MILLER, Judge.

Timothy Linson was convicted of sodomy and aggravated child molestation and given concurrent sentences. Because of arguments raised in his motion for new trial, the court merged the sodomy conviction into the aggravated child molestation conviction and re-sentenced him based on the aggravated child molestation conviction alone. In *Linson v. State*, 221 Ga. App. 691, 693 (3) (472 SE2d 690) (1996), we reversed the aggravated child molestation conviction on grounds the jury charge allowed a conviction by an act causing physical injury or by an act of sodomy, even though the indictment alleged only physical injury.

On remand, the State successfully moved the court to reinstate the sodomy conviction and dead-docketed the child molestation charge. The court re-sentenced Linson on the sodomy conviction. Linson argues on appeal that the court did not have the power to reinstate and re-sentence on the sodomy conviction.

On remand, the trial court had the power to "unmerge" the sodomy conviction from the defective aggravated child molestation conviction and to re-sentence on the sodomy conviction alone. The Supreme Court of Georgia has reinstated formerly merged convictions and remanded the case to the trial court for sentencing on those convictions. See, e.g., *Briscoe v. State*, 263 Ga. 310, 311 (2) (431 SE2d 375) (1993); *Thompson v. State*, 263 Ga. 23, 26 (2) (426 SE2d 895) (1993). We have specifically held that on remand a trial court may reconsider any merger issues and sentence accordingly. *Hunter v. State*, 228 Ga. App. 846, 847-848 (493 SE2d 44) (1997); see *Duffey v. State*, 222 Ga. App. 802, 804 (2) (476 SE2d 89) (1996).

The court did not err in reinstating the sodomy conviction and in re-sentencing Linson thereon.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED AUGUST 18, 1999.

*David J. Grindle*, for appellant.

*J. Gray Conger, District Attorney, Mark C. Post, Assistant District Attorney*, for appellee.