A01A1106. ENLOE v. THE STATE.
(556 SE2d 873)

POPE, Presiding Judge.

Marvin Enloe appeals his conviction for child molestation following a jury trial, contending that the trial court erred by denying his written request to charge the jury on the offense of sexual battery as a lesser included offense of child molestation.

Construed in favor of the verdict, the facts show that Enloe, a 17-year-old male, accompanied his cousin Billy Townsend to Billy's parents' house in order to help move furniture. Also present were Billy's girlfriend's two sons who were age four and seven at the time. After Enloe tired of moving furniture, he and the children went to a bedroom to watch a children's video while the others continued working.

Although the three began by watching a children's video, Enloe took out a pornographic videotape that he had seen before and began to play it in the presence of the boys. He removed the tape after only ten seconds or so when the boys protested. Enloe then placed the older boy in his lap, rubbed his back and leg, and eventually pulled his pants down and fondled his penis and bottom. Enloe pulled his own penis out of his pants at some point during this encounter. In his confession, Enloe claimed that at one point, the victim asked Enloe to

[24] Id.
[25] (Citations and punctuation omitted.) *McKenzie v. State,* 187 Ga. App. 840, 843 (3) (371 SE2d 869) (1988).

"f—" him. Eventually Billy Townsend walked into the bedroom and saw the seven-year-old victim with his pants down around his ankles, standing in front of Enloe. Enloe had his hand on the victim's penis.

The police were notified, and Detective W. R. Gallman investigated the incident. Gallman conducted taped interviews with the victim and Enloe, and these interviews were admitted at trial and played for the jury.

At trial, Enloe's testimony differed markedly from his taped statement. He testified that he touched the victim's bottom but not his penis. He also did not recall the victim making any sexual statements. Finally, Enloe claimed both that he did not know why he did what he did and that he acted out of curiosity. At the conclusion of the evidence, Enloe requested, in writing, that the trial court charge the jury on sexual battery as a lesser included offense of child molestation. The court refused to give the charge. Enloe enumerates only this one error. We hold that no charge on sexual battery was required because the State irrefutably showed that Enloe had the specific intent to commit child molestation.

It is true that sexual battery may be a lesser included offense of child molestation as a matter of fact. *Strickland v. State*, 223 Ga. App. 772, 776 (479 SE2d 125) (1996). But, when the State has established that the defendant committed the charged offense of child molestation with the necessary specific intent of arousing or satisfying the sexual desires of either the defendant or the victim, no charge on sexual battery is warranted. See id. at 777.

In his audiotaped confession and his testimony at trial, Enloe admitted enough to establish the necessary specific intent to support the charge of child molestation, and therefore, the jury would not have been authorized to find sexual battery. Enloe admitted that he had watched pornographic videotapes in the past and that he played one in the presence of the two boys just prior to pulling down the victim's pants and touching his bottom. And, Enloe stated in his confession that he also took out his own penis while fondling the victim. Even though Enloe testified in his own defense and said that he did not know why he did what he did, he did not deny either of these two statements.

As stated in *Strickland*, 223 Ga. App. at 774 (1) (a), "the act of fondling the genitalia of a 12-year-old child with only an inference of the intent to arouse sexual desires would satisfy all of the elements of both offenses." But here, we have the added admissions by Enloe shown above. "His testimony would not show that he had merely made physical contact of an insulting or provoking nature with the victim rather than fondling [him] with the intent to arouse or satisfy his sexual desires." (Citation and punctuation omitted.) *Ney v. State*,

227 Ga. App. 496, 503 (4) (g) (489 SE2d 509) (1997). Showing and viewing pornographic videos, given that Enloe had seen them before, and taking out his own penis while touching the victim established specific intent to arouse or satisfy either Enloe's or the victim's sexual desires. Therefore a charge on sexual battery was not warranted.

*Judgment affirmed. Andrews, P. J., Ruffin, Eldridge, Miller and Mikell, JJ., concur. Blackburn, C. J., dissents.*

BLACKBURN, Chief Judge, dissenting.

Because the State narrowly indicted Enloe for committing child molestation by a specific touching of the victim's penis in this case, Enloe's conviction should be reversed, and I must respectfully dissent from the conclusions reached by the majority.

To support a conviction, the evidence must meet the standards set forth in *Jackson v. Virginia.*[1] After approval of a jury verdict by the trial court, the judgment entered thereon will not be disturbed on appeal if supported by any evidence, in the absence of any material error of law. *Horan v. Pirkle.*[2]

Applying this standard, the evidence shows that Enloe, a 17-year-old male, is within the lower borderline range of intellectual functioning, with a verbal IQ score of 71. He was psychologically tested, and it was determined that he was competent to stand trial and knew the difference between right and wrong as it applied to the subject incident. On March 2, 2000, Enloe, who lived with his cousin Billy Townsend, had accompanied him to the home of Billy's parents, Dianne and David Townsend. Billy, who was there to move furniture, was accompanied by his girlfriend, Misty Turner, and her two sons, ages four and seven. Also present to help were Billy's brothers, Michael and Charles. Enloe and the children went to a back bedroom to watch a children's video while the others were busy moving furniture.

Later, Billy Townsend entered the bedroom and witnessed the seven-year-old victim with his pants down around his ankles, standing in front of Enloe. Enloe was sitting in a chair and was fondling the victim's penis. Billy sent the children out of the room and began questioning Enloe, who fled the house.

The police were notified, and Detective W. R. Gallman investigated the incident. Gallman conducted taped interviews with the victim and Enloe. Enloe admitted that he took out a pornographic videotape and began to play it in the presence of the boys. He removed the tape when the boys protested. Enloe also admitted that he placed the victim in his lap, rubbed his back and leg, and fondled the victim's

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Horan v. Pirkle*, 197 Ga. App. 151, 153 (397 SE2d 734) (1990).

penis for over an hour. Enloe also admitted that he had exposed his own penis to the victim during this encounter. Enloe told Detective Gallman that after his actions, the victim then requested that Enloe "f—" him. Enloe's taped interview was introduced into evidence. Detective Gallman testified to the above admissions by Enloe.

At trial, Enloe's testimony differed markedly from his taped statements to the police. At trial, Enloe testified that he had touched the victim's bottom, but denied touching the victim's penis, notwithstanding his recorded interview in which he had admitted to fondling the victim for almost an hour. Neither did Enloe recall at trial that the victim had asked for sex as he had originally told Detective Gallman.

The victim initially stated that Enloe had played a pornographic video, which he removed after the boys protested. Thereafter, Enloe had pulled the victim's pants down to his ankles. The victim also indicated that Enloe had touched his bottom and was near his penis. At trial, however, the victim stated that Enloe had, in fact, touched him on his penis, as well as his bottom.

At the conclusion of the evidence, Enloe requested, in writing, that the trial court charge the jury on sexual battery as a lesser included offense of child molestation. The trial court refused to give the charge, finding that the case was either a child molestation offense or nothing. Enloe was found guilty of child molestation, and this appeal followed. We first conclude that the evidence in this case met the standards of *Jackson v. Virginia*, supra. We now review the case for any material errors of law.

We address Enloe's only contention of error, that the trial court erred in refusing to give his requested charge on sexual battery, a misdemeanor of a high and aggravated nature, as a lesser included offense of the felony offense of child molestation with which he was charged. OCGA § 16-1-6, conviction for lesser included offenses, provides that:

> An accused may be convicted of a crime included in a crime charged in the indictment or accusation. A crime is so included when: (1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.

Our Supreme Court has described the complete rule on charging a lesser included offense as follows:

> where the state's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense,* there is no error in failing to give a charge on the lesser offense. . . . Where a case contains some evidence, no matter how slight, that shows that the defendant committed a lesser offense, then the court should charge the jury on that offense.

(Emphasis in original.) *Edwards v. State.*[3]

Our Supreme Court has provided for the application of the "actual evidence test" in determining if a lesser crime is included in a crime charged, pursuant to OCGA § 16-1-6 (1). In *State v. Burgess,*[4] the Supreme Court stated: "Under the actual evidence test, a lesser crime is included in the crime charged if the evidence actually presented at trial to establish the elements of the crime charged also establishes all the elements of the lesser crime."

OCGA § 16-6-4 (a) provides that: "A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."

By contrast, OCGA § 16-6-22.1, sexual battery, provides, inter alia:

> (a) For the purposes of this Code section, the term "intimate parts" means the primary genital area, anus, groin, inner thighs, or buttocks of a male or female and the breasts of a female. (b) A person commits the offense of sexual battery when he intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person.

Sexual battery requires only proof of (1) nonconsensual physical contact (2) with the intimate parts of the body of another person; while child molestation requires proof of (1) an immoral or indecent act, (2) in the presence of a child under 16, (3) with the intention to arouse or satisfy the sexual desires of either the child or the person. The intention to arouse or satisfy sexual desires may be inferred

---

[3] *Edwards v. State,* 264 Ga. 131, 133 (442 SE2d 444) (1994).
[4] *State v. Burgess,* 263 Ga. 143, 144-145 (1) (429 SE2d 252) (1993).

from the commission of the proscribed act. *Ash v. State.*[5]

It is well established that the offense of sexual battery is not included in the offense of child molestation as a matter of law. *Gordon v. State.*[6] However, sexual battery may be a lesser included offense of the crime of child molestation as a matter of fact. *Strickland v. State;*[7] *Messick v. State.*[8]

There was much evidence which satisfied elements of a child molestation charge under OCGA § 16-6-4 (a), which were not elements of a sexual battery charge under OCGA § 16-6-22.1. The plain language of OCGA § 16-6-4 (a) makes it clear that child molestation does not require a touching, while sexual battery does. Enloe's act of showing a pornographic video to the boys satisfies the immoral or indecent act requirements of the child molestation law. *Stroeining v. State*[9] (physical precedent only). The exposing of Enloe's penis to the boys is an indecent act under the child molestation law. *Close v. State.*[10] Enloe's fondling of the seven-year-old victim's penis for almost an hour could satisfy either a child molestation or sexual battery charge. See *Strickland,* supra. It is for the jury to determine what the intention of the defendant was. While consent is not a factor in a child molestation case, it is possible that the jury could have determined that the defendant lacked the intent to "arouse his sexual desires," as alleged in the indictment. Intent is a question for the jury to resolve. Under these facts, Enloe's denial at trial that he fondled the victim, coupled with the victim's and witnesses' testimony that he touched the victim's penis, constitutes some slight evidence of sexual battery, and thus the charge thereon should have been given.

An indictment need not allege the details of the offense, but may charge the defendant with child molestation in the general language of the statute. *Cragg v. State;*[11] *Burnett v. State.*[12] The language of Enloe's indictment was more specific, however, than the language of OCGA § 16-6-4 (a), in that it alleged that on March 2, 2000, he did unlawfully "commit the immoral and indecent act of *placing his hand against the penis of [victim],* a male child under sixteen (16) years of age, with the intent to *arouse the sexual desires of the accused."* (Emphasis supplied.)

The defendant's guilt must be based upon the offenses as set forth in the indictment and the State must prove what it alleges,

---

[5] *Ash v. State,* 96 Ga. App. 359 (100 SE2d 149) (1957).
[6] *Gordon v. State,* 210 Ga. App. 224 (435 SE2d 742) (1993).
[7] *Strickland v. State,* 223 Ga. App. 772 (479 SE2d 125) (1996).
[8] *Messick v. State,* 209 Ga. App. 459, 460 (1) (433 SE2d 595) (1993).
[9] *Stroeining v. State,* 226 Ga. App. 410 (486 SE2d 670) (1997).
[10] *Close v. State,* 195 Ga. App. 652 (394 SE2d 563) (1990).
[11] *Cragg v. State,* 117 Ga. App. 133 (159 SE2d 717) (1968).
[12] *Burnett v. State,* 202 Ga. App. 563 (415 SE2d 43) (1992).

whether or not it was required to allege the facts and violation as outlined in the indictment. *Buice v. State.*[13] As the State alleged that Enloe placed his hand against the penis of the victim, it must prove that act in order to convict the defendant under this indictment. This act, if proved, could establish an element of either child molestation or sexual battery, depending on the jury's finding as to the intention of the defendant. Because of the specific language of the indictment, the State must also prove that Enloe acted to arouse his own sexual desires, rather than those of the victim.

We note that, here, the child molestation charge given by the trial court on two occasions accurately stated the law under OCGA § 16-6-4 (a), but was broader than the specific conduct alleged in the indictment. The charge provided, inter alia, that "A person commits child molestation when that person does any immoral or indecent act to, or in the presence of, or with any child under the age of sixteen years with the intent to arouse or satisfy the sexual desires of either the child or the person." The indictment specified the conduct as "placing his hand against the penis of [victim] . . . with the intent to arouse the sexual desires of the accused." Where an indictment charges the defendant with committing the offense in only one of several ways in which it could be committed, a jury charge reciting the entire statutory definition of child molestation is reversible error, when it raises a reasonable possibility that the jury, relying upon the evidence presented at trial, may convict the defendant of committing the offense in a way not alleged in the indictment. *Perguson v. State;*[14] *Linson v. State.*[15] While the indictment could have been drawn in the general language of the statute, the State did not elect to do so and must therefore prove that which it elected to allege. The trial court did charge the jury that "[i]f after considering all the evidence in this case you should find and believe beyond a reasonable doubt that the defendant did, in fact, commit the offense alleged in the indictment, you would be authorized to convict him." Given the fact that the trial court told the jury to look to the evidence to determine if the defendant did commit the offense of child molestation, which it had already defined as including acts outside those specified in the indictment, we cannot say that there is not a reasonable chance that the jury convicted Enloe based on conduct not specified in the indictment.

The indictment alleged that Enloe committed child molestation by a specific touching of the victim's penis. This specific touching could constitute either child molestation or sexual battery, depending on the jury's finding as to Enloe's intent. Therefore, Enloe was

---

[13] *Buice v. State,* 239 Ga. App. 52 (520 SE2d 258) (1999).
[14] *Perguson v. State,* 221 Ga. App. 212 (470 SE2d 909) (1996).
[15] *Linson v. State,* 221 Ga. App. 691 (472 SE2d 690) (1996).

entitled to a charge on the lesser included offense of sexual battery, for consideration by the jury in its deliberations, as the jury must first determine the defendant's intent, and then the crime of which he is either innocent or guilty. The application of the lesser included offense statute and the "actual evidence test" holdings of our Supreme Court require this result. It has been said that it seems inappropriate that the sexual touching of a child may warrant a charge on a misdemeanor offense, while the commission of an indecent act in the presence of a child is a felony.[16]

While it would require an amendment to OCGA § 16-1-6, this result could be minimized by the adoption in Georgia of the "required evidence test" in place of the "actual evidence test." Justice Sears wrote on this subject in *Burgess*, supra at 145 (1), that

> [t]hough the actual evidence test is still viable under Georgia law, many courts have encountered obstacles in applying that test and have resorted, either explicitly or in actuality, to the simpler, more practical "required evidence test." Under the required evidence test, a lesser crime is included in the crime charged if all of the elements which are *required by law* to establish the lesser crime also must be established in order to prove the greater crime.

(Citations and footnote omitted; emphasis in original.) Id. Under the "required evidence test," sexual battery would not be a lesser included offense of child molestation under the facts of this case, as all of the elements required by law to prove sexual battery are not required to prove child molestation. I strongly encourage the legislature to review this matter and consider the adoption of the *required evidence test* and the amendment of OCGA § 16-1-6 (1).

There are instances in which the harmless error doctrine may be applied to a failure to charge a lesser included offense. It must be shown that the evidence against the defendant was overwhelming, and it is highly probable that the failure to give this charge did not contribute to the verdict. *Edwards v. State*.[17] Under the totality of the circumstances of this case, including the error in charging the jury concerning what evidence they could rely upon to convict the defendant, even though not enumerated as such, we cannot say that the failure to charge sexual battery as a lesser included crime of the offense of child molestation was harmless in this case. Enloe's conviction, therefore, should be reversed.

---

[16] See *Strickland*, supra at 779-780 (Pope, P. J., concurring specially).

[17] *Edwards v. State*, 264 Ga. 131 (442 SE2d 444) (1994).

DECIDED NOVEMBER 30, 2001 — 

*William R. Thompson, Jr.*, for appellant.

*T. Joseph Campbell, District Attorney, Rebecca B. Paris, Assistant District Attorney*, for appellee.