## A04A1494. COLLINS v. THE STATE.
(604 SE2d 240)

ADAMS, Judge.

Robert J. Collins, Jr. was found guilty on one count of child molestation. He appeals on three grounds.

1. (a) On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. *Brown v. State*, 265 Ga. App. 613 (594 SE2d 770) (2004). To sustain a conviction, the evidence must be sufficient to enable a rational trier of fact to find the appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

"A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a).

Construed in favor of the verdict, the evidence shows that Collins was a friend of the eight-year-old victim's mother. On September 21, 2001, Collins volunteered to take the girl to a friend's house, but instead of doing so, he turned down a secluded dirt road and stopped. He told the girl to get out of the truck and to take off her underwear. He then took out his penis, showed it to the girl, asked her to touch it, and eventually made her do so. The victim testified that he then touched her "private part" with his finger. She denied that Collins had

touched her private part with his private part. She testified that she did not remember telling the investigating officer or a person from the Child Advocacy Center that he had done so. Finally, Collins told the girl that he would kill her sister if she told anyone what had happened.

In voluntary statements to the police, Collins admitted that he took the child down a dirt road and stopped and that he had her put her hand on his penis. He also said "that he then put his penis in [the girl], but she said it hurt, so he stopped."

The child's mother testified that her daughter told her that during the incident, "he made her do a lot of different things" and that "he laid down and made her get on top of him and made her touch him."

The evidence was sufficient to support the verdict.

(b) Collins contends that the State did not prove the allegations of the indictment. The indictment charged Collins with child molestation in that he ". . . did perform an immoral and indecent act to [the victim], a child under the age of sixteen (16) years, by inserting his penis into said victim's vagina, with intent to arouse and satisfy the sexual desires of said accused. . . ." Collins notes that the child denied that he touched her private part with his private part. But Collins's own statement that he "put his penis in" the girl is sufficient proof that he inserted his penis into her vagina. See *Pippins v. State*, 263 Ga. App. 453, 456 (3) (588 SE2d 278) (2003) (testimony that defendant "put his hand up in her" was sufficient to prove that defendant inserted his fingers into the child's vagina).

Furthermore, any variance between the indictment and the proof was not fatal. The evidence showed that Collins either (1) showed her his penis and put it in her vagina, or (2) showed her his penis and put his finger in her vagina. Under either scenario, Collins acted with the intent to arouse or to satisfy his sexual desires by touching the victim. See, e.g., *Enloe v. State*, 252 Ga. App. 666, 668 (556 SE2d 873) (2001) (taking out his own penis while touching the victim established defendant's specific intent to arouse or satisfy either his or the victim's sexual desires). And Collins was on notice that he was being tried for touching the girl in a private area. See *Buice v. State*, 239 Ga. App. 52, 58 (4) (520 SE2d 258) (1999) (although indictment charged defendant with putting his finger in the vagina of the victim, victim's testimony that defendant only rubbed his hand on her vagina did not constitute a fatal variance on a charge of child molestation); see also *Turner v. State*, 231 Ga. App. 747-748 (1) (500 SE2d 628) (1998).

2. Collins contends the trial court erred by failing to give a charge on sexual battery as a lesser included offense. He argues that "since there is no direct evidence of the defendant's intent, the charge of

sexual battery would have been appropriate, because the mere act of having the victim touch his penis amounted to sexual battery and not child molestation."

But Collins is mistaken because having the child touch his penis is not a sexual battery. "A person commits the offense of sexual battery when he intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person." OCGA § 16-6-22.1 (b).

Furthermore, even if Collins touched the victim's vagina only with his hand and not his penis, as shown above it is undisputed that under either scenario presented by the facts, Collins did so with the specific intent of arousing or satisfying his sexual desires. Where the only evidence shows sexual activity rather than mere touching, a charge on sexual battery is not warranted. See, e.g., *Jarvis v. State*, 253 Ga. App. 581, 584 (3) (a) (560 SE2d 29) (2002); *Enloe*, 252 Ga. App. at 667-668.

3. Finally, Collins contends that there was insufficient corroborating evidence to establish that he inserted his penis in the victim's vagina. But Collins's own statement that he "put his penis in [the girl], but she said it hurt, so he stopped," provides sufficient corroboration.

*Judgment affirmed. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 31, 2004.

*Murl E. Geary*, for appellant.
*Tom Durden, District Attorney, James S. Archer, Assistant District Attorney*, for appellee.