**SECOND DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR JUDGE FULLER**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.gov/rules

June 26, 2026

# In the Court of Appeals of Georgia

A26A0111. CHAMBERS v. THE STATE.

DOYLE, Presiding Judge.

In *Chambers v. State*, 320 Ga. 770 (911 SE2d 616) (2025) ("*Chambers I*"), the Supreme Court of Georgia reversed Jerry Chambers's three felony murder convictions predicated on fleeing and attempting to elude based on insufficient evidence. The Court also remanded the case for sentencing on three counts of homicide by vehicle. Id. at 779–80(2). On remand, Chambers moved to bar further resentencing as a violation of state and federal constitutional prohibitions against double jeopardy. The trial court denied Chambers's motion, and he appeals. For the reasons that follow, we affirm.

As explained in *Chambers I*, after midnight of July 4, 2017, the defendant was driving Spencer Stuckey and Gabriel Maguilas through crowds gathered in a downtown area for the holiday celebration. One of Chambers's passengers exchanged gunfire with a group of pedestrians, and Chambers sped away. See id. at 771. After a high-speed police chase, Chambers drove through an intersection, killing pedestrian Scott Waldrup before losing control and crashing, resulting in the deaths of Stuckey and Maguilas. See id.

After trial, the jury returned guilty verdicts for (1) three counts of felony murder predicated on fleeing or attempting to elude a police officer that resulted in the deaths of Waldrup, Stuckey, and Maguilas; (2) three counts of fleeing or attempting to elude a police officer; (3) three counts of homicide by vehicle in the first degree based on reckless driving; and (4) one count of reckless driving.[1] Based on these guilty verdicts, the trial court convicted Chambers, sentencing him to three concurrent terms of life imprisonment for the felony murder counts and concurrent 12-months' imprisonment for the single count of reckless driving. The court merged the three fleeing or

---

[1] The jury acquitted Chambers of other charges not at issue here.

attempting to elude counts into the felony murder counts, and the three homicide by vehicle counts were vacated as a matter of law.

On appeal, the Supreme Court determined that the evidence was insufficient to support the guilty verdicts as to fleeing and attempting to elude, reversing the convictions for those counts as well as the felony murder convictions predicated thereon. *Chambers I*, 320 Ga. at 779(2). The Supreme Court also instructed that the case be remanded for resentencing on the three counts of homicide by vehicle, stating that those counts had been "merged" by the trial court.[2] Id. at 780(2). The Court cited *Calloway v. State*, 303 Ga. 48, 49 (810 SE2d 105) (2018), which addresses resentencing after previously merged counts are "unmerged." Id. at 57(2)(b).

On remand, Chambers moved to bar imposition of additional sentences on the three counts of homicide by vehicle, contending that such sentences would violate the prohibition against double jeopardy under the United States and Georgia

---

[2] The Supreme Court stated that these counts merged in the trial court, see *Chambers I*, 320 Ga. at 780(2), and we recognize that this statement could be argued to be law of the case. See *Hicks v. McGee*, 289 Ga. 573, 578(2) (713 SE2d 841) (2011). For clarity of the issue, we are treating the use of the word "merged" as opposed to "vacated," as used in footnote one of *Chambers I*, 320 Ga. at 770, as dicta. Otherwise, the issue Chambers raised on resentencing would not have existed. Had the homicide by vehicle counts merged into the felony murder counts, then the reckless driving count also would have merged with the felony murder counts.

3

Constitutions, as well as OCGA §§ 16-1-6, 16-1-7(a), and 16-1-8 because the trial court had convicted and sentenced him to 12-months' incarceration for the underlying reckless driving count. After a hearing, the trial court denied Chambers's motion and imposed sentences for the homicide by vehicle counts — 15 years to serve in incarceration for Count 7; for Count 8, 7 years to serve in incarceration consecutive to Count 7; and for Count 9, 15 years to serve on probation consecutive to Count 8. The court did not enter a sentence for the reckless driving count, indicating on the sentencing sheet that the count "merged" with Count 7, and it noted that the custodian should apply appropriate time served. Chambers appeals.

1. As an initial matter, the State argues that we are not authorized to review this question because it is law of the case based on *Chambers I*, 320 Ga. at 780(2). While the Supreme Court remanded the case for resentencing, it did not address whether double jeopardy applied to the convictions based on those counts, nor did the parties argue or brief the issue before the Court.

"Georgia's statutory law of the case rule provides that holdings of the Supreme Court in a [criminal] case shall be binding in all subsequent proceedings in that case in the lower court." *Strozier v. State*, 306 Ga. 169, 170 (829 SE2d 361) (2019). See also

*Hicks*, 289 Ga. at 578(2) (the law of the case applies even if prior decisions were erroneous). Thus, the State is correct that law of the case does apply on remand after a ruling by an appellate court, but we do not read *Chambers I* to foreclose the double jeopardy argument. In fact, "in a second appeal after remand for resentencing, a criminal defendant may raise issues relating to the new sentencing order but may not raise issues that were, or could have been, raised in the first appeal of the case." *Walker-Madden v. State*, 301 Ga. 744, 745 (804 SE2d 8) (2017). The merits of this issue were not raised or addressed in *Chambers I*, and accordingly, this argument is without merit.

2. Chambers argues that the trial court's previous entry of a sentence and conviction for reckless driving prohibited it from entering sentences and convictions for the three homicide by vehicle guilty verdicts.

This argument presents a question of law, which we review de novo. See *Medina v. State*, 309 Ga. 432, 436(1) (844 SE2d 767) (2020).

> The United States and Georgia Constitutions both prohibit the government from placing a defendant "in jeopardy" more than once for the same offense. The double jeopardy clauses of both Constitutions afford a defendant protection from three government abuses: "a second prosecution for the same offense after acquittal, a second prosecution for

5

the same offense after conviction, and multiple punishments for the same offense.

Id. at 434–35(1) (citation modified) (citing U.S. Const. Amend. V ("No person shall … be subject for the same offence to be twice put in jeopardy of life or limb[.]")); Ga. Const. Art. I, Sec. I, Par. XVIII ("No person shall be put in jeopardy of life or liberty more than once for the same offense except when a new trial has been granted after conviction or in case of mistrial.")). Moreover, OCGA §§ 16-1-6, 16-1-7, and 16-1-8, which govern double jeopardy concerns, provide additional limitations on multiple prosecutions, convictions, and punishments for the same criminal conduct, which statutes expand "the proscription of double jeopardy beyond that provided for in the United States and Georgia Constitutions."[3] *Phillips v. State*, 298 Ga. App. 520, 521(1) (680 SE2d 424) (2009). We note that under OCGA § 16-1-3(4), "'[c]onviction' includes a final judgment of conviction entered upon a verdict or finding of guilty of a crime or upon a plea of guilty." Moreover, a "'prosecution'" is "all legal proceedings by which a person's liability for a crime is determined, commencing with

---

[3] Compare *United States v. DiFrancesco*, 449 US 117, 137(IV)(E) (1980) (explaining in part that "the Double Jeopardy Clause does not require that a sentence be given a degree of finality that prevents its later increase").

the return of the indictment or the filing of the accusation, and including the final disposition of the case upon appeal."OCGA § 16-1-3(14).

Under OCGA § 16-1-7(a)(1) "[w]hen the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if ... [o]ne crime is included in the other." See also *Diamond v. State*, 267 Ga. 249, 251(3)(b) (477 SE2d 562) (1996) (vacating conviction for homicide by vehicle because the trial court also had convicted the defendant of felony murder, and those two crimes did not merge).

Essentially, Chambers contends that "[f]or double jeopardy purposes, vehicular homicide and reckless driving are the same offense," *State v. Perkins*, 276 Ga. 621, 623 (580 SE2d 523) (2003), and therefore, the court's previous conviction and sentence for reckless driving bars current convictions and sentences for the homicide by vehicle guilty verdicts. See OCGA §§ 16-1-3(4), 16-1-7. See also *State v. Burroughs*, 246 Ga. 393, 394 (271 SE2d 629) (1980) ("'[A] conviction on a lesser-included offense bars subsequent trial on the greater offense.'"). *Perkins*, however, reviewed a case involving multiple prosecutions, which does not apply here. See 276 Ga. at 623. The

only question is the timing of the reckless driving conviction at the first sentencing hearing.

A similar argument was raised in *Parrott v. State*, 312 Ga. 580 (864 SE2d 80) (2021) (holding that the defendant did not have an expectation of finality in his original sentence because it was void). See also *DiFrancesco*, 449 US at 137(IV)(E). In *Parrott*, the defendant's first sentence was declared void, and the case was remanded for resentencing, which the defendant argued was barred by double jeopardy. See *Parrott*, 312 Ga. at 582(3). The Court explained that "[i]n the multiple-punishment context, the Double Jeopardy Clause of the Fifth Amendment protects a defendant's legitimate expectation of finality in his original sentence." Id. at 582(3). See also *Hammond v. State*, 368 Ga. App. 277, 285(3) (890 SE2d 40) (2023). Because the defendant in *Parrott* had one sentence declared void, he was due to be resentenced, which meant that he lacked a reasonable expectation in the finality of his sentence. See 312 Ga. at 582(3). Chambers also had no expectation of finality of his sentence because he had appealed the sufficiency of some of the counts on which he was sentenced. See *Parrott*, 312 Ga. at 582–83(3).[4]

---

[4] To the extent that Chambers argues that we should extend the state constitutional double jeopardy protection beyond that as stated in *Parrott* (which

Given this, the record before us does not present a double jeopardy violation. When the trial court first sentenced Chambers, it properly vacated the homicide by vehicle guilty verdicts because they did not merge with the felony murder convictions, and Chambers could not be sentenced for both crimes. See *Robinson v. State*, 322 Ga. 299, 303(2) (919 SE2d 574) (2025) (vacating conviction for homicide by vehicle because the trial court had also convicted the defendant of felony murder of the same victim).[5] If two guilty verdicts are returned for the same act and the crimes do not merge, then one is entered as a conviction and the other is vacated because it is "surplusage" to the conviction. See *Malcolm v. State*, 263 Ga. 369, 371–72(4), 373(5) (434 SE2d 479) (1993) (reviewing convictions for malice murder and felony murder and holding that the felony murder conviction must be vacated as a matter of law because the felony murder conviction was "surplusage" and contrasting merger

---

relied on US constitutional law), we decline to do so. See *Parrott*, 312 Ga. at 582–83(3). See also *DiFrancesco*, 449 US at 137(IV).

[5] See also *Sosebee v. State*, 317 Ga. 424 n.1 (893 SE2d 653) (2023) (noting that the trial court vacated as a matter of law multiple homicide by vehicle counts after convicting the defendant for felony murder); *Diamond*, 267 Ga. at 251(3)(b); *Starks v. State*, 320 Ga. 300, 306(3)(a) (908 SE2d 614) (2024) (affirming trial court's merger of murder and homicide by vehicle counts because the trial court's failure to vacate the vehicular homicide count was not harmful to the defendant in that instance).

versus vacating). But if the offense of conviction is reversed on appeal, the vacated guilty verdict is no longer "surplusage" and a conviction may be entered thereon. Cf. *Calloway*, 303 Ga. at 56(2)(a)(iii), 57(2)(b); *Linson v. State*, 239 Ga. App. 658 (522 SE2d 55) (1999) (holding that formerly merged counts are reinstated if the conviction into which they merged is reversed on appeal). Because on remand the trial court merged the reckless driving count into one of the homicide by vehicle convictions, there was not a second conviction for the reckless driving verdict. Moreover, because Chambers had no expectation of the finality of his sentence because he had lodged an appeal, the trial court did not violate substantive double jeopardy by entering convictions for the homicide by vehicle verdicts on remand. See *Parrott*, 312 Ga. at 585(3); *Levin v. State*, 334 Ga. App. 71, 74–75(2) (778 SE2d 238) (2015). Accordingly, Chambers has failed to show that the sentence on remand constituted a violation of double jeopardy.

*Judgment affirmed. Gobeil, J., and Senior Judge C. Andrew Fuller concur.*